2. That unless it was proved that Thomas Irving was the agent of defendants and carried on this mill for them, at their risk and for their profit, the defendants were not liable. If he carried on the mill on his own account, though the stock was furnished by them, and a weekly advancement of $50 was also made, to put him in funds, and he was to consign them paper for sale, and they to remunerate themselves out of the sales, this did not make him such an agent as would charge these defendants.

Verdict for defendants.

*Rogers*, for plaintiff.
*Gilpin* and *Bayard*, for defendants.

---

## WILLIAM GUTHRIE *vs.* THOMAS STOCKTON'S Adm'r.

Interest is recoverable in debt on a lease, for rent arrear.

CASE stated. Thomas Stockton occupied a house of plaintiff's from 1826 to 1838, at $150 per year. The whole amount of rent claimed for twelve years was $1,810; during which time defendant paid at different times $1,030; leaving on the 25th of March 1838, when the property was given up, a balance of $780.

The question was, whether defendant was bound to pay interest only on the balance of $780, (which the administrator was willing to do,) or on the rent claimed for each year, from the end of the year, there being no agreement between the landlord and tenant in respect to the interest. The question argued was whether interest on arrears of rent was recoverable in the action of debt.

*Guthrie.*—Wherever there is a contract to pay a certain sum, at a certain day, interest is recoverable from that day, for non-payment. [3 *Am. Dig.* 5434; 1 *Hayw. Rep.* 4, 173; 4 *Johns. Rep.* 183; 15 *East. Rep.* 119, *n.*] Such is the practice; except in case of distress and avowry for rent arrear, where the court has, from the wording of the act of assembly, restrained the recovery to the rent arrear, without interest. [4 *Harr. Rep.* 330; *Dig.* 364.]

*Rodney.*—Rent stands upon peculiar grounds, because the landlord has a summary remedy for its recovery. Interest is not al-

lowable, except on the ground of contract or usage. There was no contract in this case for payment of interest, and there is no usage authorizing the recovery of interest on rent arrear. [3 *Kent's Com.* 483, *n.*, (6th Ed.;) 6 *Johns. Rep.* 43; 1 *ib.* 275; 3 *Hen. & Munf. Rep.* 46, 3, Cook *vs.* Wise; *ib.* 472, Newton *vs.* Wilson.] Rent and interest are profits, and on the same principle that interest is not allowed on interest, it is not allowed on rent.

*Guthrie.*—The remedy by distress is a benefit to the landlord, and cannot be used to his prejudice. If he waives this remedy and sues in debt, there is no reason why he should not recover damages for the detention of his rent after it was due. [4 *Harr. Rep.* 330.]

Judgment for plaintiff for the sum claimed, with interest.

*Guthrie,* for plaintiff.
*Rodney,* for defendant.

---

JOHN C. GOSEWICH, p. b., appellant *vs.* JOHN F. ZEBLEY, d. b., respondent.

A book of original entries is *competent* evidence to be weighed by the jury, though some of the entries be falsified.

NEW CASTLE, November term, 1848. Appeal from the judgment of a justice of the peace, on a report of referees, in an action of assumpsit, for medical services and attendance.

The plaintiff proved his books in the usual form; and also proved a presentment of his bill to defendant, and a promise to pay it.

The defendant, contra, called witnesses to contradict the account, and falsify the entries.

*Mr. Johnson,* to the jury.—A book regularly and fairly kept is evidence of things properly chargeable in an account; but if any portion of the charges be shown to be *false,* it not only weakens the weight of the book as evidence, but destroys it altogether. It is not an instrument of evidence. It is different as to a witness. He may be cross examined, and a part of his testimony may be received and a part rejected. Not so of a book as evidence. There is no